Nicole R. Derden, ISB 7109
Derden Law
3332 N Meridian Rd.
Meridian, ID 83646

Telephone: 208-287-4200
Fax: 208-287-4201
nicole@derdenlaw.com

Attorney for PLAINTIFF

## UNITED STATES DISTRICT COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| **Oscar VERA CASTREJON** <br><br> PLAINTIFF <br><br> v. <br><br> **JEROME COUNTY AND GEORGE OPPEDYK**, Sheriff of Jerome County, in his individual capacity <br><br><br> DEFENDANTS | **Case No: 1:20-cv-00462** <br><br> **COMPLAINT** <br><br> **(Civil Rights: Unlawful Arrest and Seizure, Due Process, Cruel and Unusual Punishment, False Imprisonment)** <br><br> JURY TRIAL DEMANDED |

COMPLAINT FOR DAMAGES- 1

## NATURE OF THE CASE

1. This is a civil action arising under 42 U.S.C. § 1983 and Idaho state law.  Plaintiff alleges violations of the Fourth, Eighth and Fourteenth Amendments of the United States Constitution for unlawful arrest and seizure, a denial of proper medical care while in custody, and a deprivation of due process during his detention at the Jerome County Jail on December 5 and December 6, 2019. Plaintiff also alleges false arrest and unlawful imprisonment under Idaho state law. Plaintiff demands a jury trial.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), § 1343 and Article II of the United States Constitution, as Plaintiff seeks redress of deprivations to his civil rights under the United States Constitution.

3. This Court has jurisdiction over Plaintiff's Idaho state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction) as such claims form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper under 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

5. An actual controversy has arisen and now exists between Plaintiff and Defendants

## PARTIES

6. Plaintiff is a resident of Idaho.

7. Defendant Jerome County ("Defendant County") is a political sub-division of the state of Idaho.

8. Defendant George Oppedyk is the Sheriff of Jerome County ("Defendant Sheriff") and is sued in his individual capacity.

COMPLAINT FOR DAMAGES- 2

**FACTUAL ALLEGATIONS**

9. Defendant County operates the Jerome County Jail in Jerome County, Idaho.

10. Defendant Sheriff has custody and control of all persons confined in the Jerome County Jail and is responsible for the day-to-day operations of the Jerome County Jail.

11. On the morning of December 5, 2019, Plaintiff was arrested by a Jerome County Deputy and booked into the Jerome County Jail following the execution of a magistrate-issued Warrant of Arrest on a probation violation.

12. On December 5, 2019, at 1:03pm, a video-telephonic hearing was held for Plaintiff on the probation violation, at which time a Jerome County Magistrate Judge granted Plaintiff release from the detention on his own recognizance, "due to medical purposes."

13. On December 5, 2019, at an unknown time, the U.S. Department of Homeland Security, Immigration and Custom Enforcement (ICE) agency, lodged an "Immigration Detainer – Notice of Action" to Jerome County Jail.

14. Immigration Detainers are one-page forms sent by ICE to state or local law enforcement agencies, requesting that the local law enforcement agency continue to hold an individual in custody for up to 48 hours after they would otherwise be released, so that ICE can more conveniently make arrangements to take the individual into ICE custody. An ICE detainer is explicitly phrased as a request, not a command ("IT IS THEREFORE REQUESTED THAT YOU: . . . Maintain custody of the alien for a period NOT TO EXCEED 48 HOURS beyond the time when he/she would otherwise have been released from your custody to allow DHS to assume custody."). See https://www.ice.gov/sites/default/files/documents/Document/2017/I-247A.pdf (blank ICE detainer form.)

15. The Immigration Detainer indicated that ICE had initiated an investigation to determine whether Plaintiff was subject to removal from the United States and requested that the Jerome County Jail maintain custody of plaintiff "for a period not to exceed 48 hours, beyond the time when [Plaintiff] would otherwise have been released."

16. The Immigration Detainer is not a judicial warrant. It does not impart any authority under law for Defendants to detain an individual based on suspicion of an individual's violation of civil, federal, immigration law.

17. Despite the Magistrate's order to release, Defendants unlawfully detained Plaintiff solely based on the Immigration Detainer until the morning of December 6, 2019.

18. Defendants have a policy, practice or custom of detaining inmates solely due to a request of an immigration official or agency to hold the individual beyond the period when the inmate should otherwise be lawfully released.

19. At all times of his incarceration by the Defendants on December 5-6, 2019, the Defendants were aware of the unlawful nature of restraint on Plaintiff's liberty.

20. At all times of his incarceration by Defendants on December 5-6, 2019, Plaintiff required special medical attention, including the use of a new or sterilized rubber catheter with each urination, prescribed antibiotics, and the changing of bandages and cleaning of surgical wounds.

21. At all times during his incarceration by Defendants on December 5-6, 2019, Defendants were aware of Plaintiff's special medical needs and acted with deliberate indifference to those special medical needs.

22. At all times of his incarceration of December 5-6, 2019, Defendants refused to provide Plaintiff with adequate medical supplies, prescription medications, or medical care.

23. Defendants required Plaintiff to use and re-used one, disposable, catheter with each urination in direct contravention of his health care provider's advice and the medical device's manufacture instructions.

24. Defendants provided Plaintiff with none of his prescribed medications, and did not tend or redress his surgical wound at all during his incarceration of December 5-6, 2019.

25. As a result of Defendant's deliberate indifference to his special medical needs, Plaintiff has suffered economic and non-economic damages in an amount to be proven at trial.

26. Pursuant to Idaho Code §§ 6-906, 907, on May 29, 2020, Plaintiff served a notice of intent to file a tort claim against Jerome County and the Jerome County Sheriff for injury and damages arising out of Plaintiff's arrest and detention by Defendant on December 5-6, 2019.

## CLAIMS FOR RELIEF
## CLAIM 1: Fourth Amendment (Unlawful Arrest and Seizure without Due Process of Law): 42 U.S.C. § 1983

27. Plaintiffs re-allege and incorporate by reference all paragraphs above.

28. Under color of state law, Defendants unlawfully deprived Plaintiff of his liberty by detaining him solely based on an ICE detainer on December 5-6, 2019 when Plaintiff should have otherwise been released from custody on his criminal matter.

29. Defendant have no state nor federal law, no judicial warrant and no probable cause that would allow them to continue to deprive Plaintiff of his liberty following the magistrate's order to release at approximately 1:00pm on December 5, 2019.

30. Plaintiff suffered actual injuries and damages as a direct and proximate result of Defendants' constitutional violations under the Fourth Amendment.

COMPLAINT FOR DAMAGES- 5

31. Plaintiff is entitled to recover damages in an amount to be proven at trial.

## CLAIM 2:  Fourteenth & Eighth Amendment (Inadequate Medical Care while Imprisoned):  42 U.S.C. § 1983

32. Plaintiffs re-allege and incorporate by reference all paragraphs above.

33. While in their custody, Defendants denied Plaintiff adequate medical care with deliberate indifference to his medical conditions, in violation of his protection against cruel and unusual punishment and in violation of his substantive due process rights.

34. Plaintiff suffered actual injuries and damages as direct and proximate result of Defendants' constitutional violations under the Fourteenth and Eighth Amendments.

35. Plaintiff is entitled to recover damages in an amount to be proven at trial.

## CLAIM 3: False Arrest & Unlawful Imprisonment: Idaho Law

36. Plaintiffs re-allege and incorporate by reference all paragraphs above.

37. By an exercise of force, expressed and implied, Defendants imprisoned Plaintiff without legal authority after he was ordered released by a magistrate judge.   Defendants' arrest and imprisonment of Plaintiff were against Plaintiff's will and without his consent and are a violation of Idaho state law.

38. Plaintiff suffered actual injuries and damages as a direct and proximate result of Defendants' acts in violation of Idaho state law.

39. Plaintiff is entitled to recover damages in an amount to be proven at trial.

## <u>DEMAND FOR JURY TRIAL</u>

40. Plaintiff hereby demands a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure.

COMPLAINT FOR DAMAGES- 6

## COSTS AND ATTORNEYS FEES

40. Plaintiff has been required to obtain the assistance of counsel to assist in the prosecution of this matter. Plaintiff is entitled to recover his reasonable accosts and attorney's fees incurred in the prosecution of this matter pursuant, but not limited to, 42 U.S.C. § 1988, Rule 54 of the Federal Rules of Civil Procedure, Idaho Code §§ 12-120 and 12-121 and other applicable law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants as follows:

1.  For all economic and non-economic damages sustained by Plaintiff as a result of Defendants' conduct in an amount to be determined at trial;

2.  For damages in excess of any statutory limitation in an amount to be determined at trial for Defendants' conscious, willful, wanton and reckless conduct;

3.  For all costs and attorney's fees incurred in prosecution of this action pursuant to 42 U.S.C. § 1988, Rule 54 of the Federal Rules of Civil Procedure, Idaho Code §§ 12-120 and 12-121 and other applicable law; and

4.  For such other and further relief as the Court deems just and proper.


Dated: September 30, 2020                    Respectfully submitted,

/s/ Nicole Derden
Nicole Derden
Idaho Bar No. 7109
nicole@derdenlaw.com
Derden Law
3332 N. Meridian Rd.
Meridian, ID 83646
Telephone 208-287-4200
Fax 208-287-420

COMPLAINT FOR DAMAGES- 7